**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

DAVID MENDEZ,

      Defendant - Appellant.

No. 96-1421
(D.C. No. 94-CR-348-S)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, KELLY, and LUCERO, Circuit Judges.

---

    Mr. Mendez was charged with manufacturing over 150 marijuana plants and maintaining a place for their manufacture, 21 U.S.C. §§ 841(a), 856, to which he pled guilty. He subsequently moved to withdraw his guilty plea pursuant to Fed. R. Crim. P. Rule 32(e). The district court denied the motion and sentenced him to twelve months in prison. Mr. Mendez now appeals, claiming that the district court abused its discretion in denying his motion.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Facts

Mr. Mendez initially filed a motion to suppress, contending that the government had violated his Fourth Amendment rights when it conducted a warrantless search of his home with a thermal imager. The district court denied the motion and Mr. Mendez then pled guilty. After several extensions, sentencing was finally scheduled for November 14, 1995.

Before sentencing, Mr. Mendez moved to withdraw his guilty plea on the basis of a Tenth Circuit decision filed October 4, 1995, holding that "the warrantless use of a thermal imager upon a home violates the Fourth Amendment of the Constitution." United States v. Cusumano, 67 F.3d 1497, 1510 (10th Cir. 1995). The district court postponed sentencing and scheduled a status conference for January 18, 1996. In the meantime, the government's suggestion for rehearing en banc in Cusumano was granted on December 5, 1995, with arguments in March 1996. In May 1996, the en banc court vacated the panel opinion in Cusumano, stating that "[w]e do not decide the constitutionality of the warrantless use of the thermal imager to scan Defendants' residence because any such decision is unnecessary to a resolution of Defendants' appeals." United States v. Cusumano, 83 F.3d 1247, 1250 (10th Cir. 1996) (en banc). On August 21, 1996, the district court denied Mr. Mendez's motion to withdraw his plea and sentenced him to twelve months in prison.

Discussion

Fed. R. Crim. P. 32(e) provides that a defendant has the burden of establishing a "fair and just" reason for withdrawal of a guilty plea. United States v. Guthrie, 64 F.3d 1510, 1513 (10th Cir. 1995). Whether a Rule 32(e) motion should be granted is within the sound discretion of the district court. Id.

Mr. Mendez claims that withdrawal would be "fair and just" because there has been a "significant" change in the law regarding the constitutionality of the warrantless use of thermal imagers. He contends that the vacated panel decision in Cusumano indicated a willingness on the part of "several members" of the Tenth Circuit to hold that a warrant is required to conduct a search with a thermal imager.

Mr. Mendez has not established a "fair and just" reason for withdrawing his plea. There has been no change in circuit law regarding thermal imagers, significant or otherwise. To be sure, there is some difference of opinion on the warrantless use of thermal imagers, but this was true at the time of Mr. Mendez's plea. The en banc decision in Cusumano vacated the earlier panel decision, restoring the status quo ante. Cusumano, 83 F.3d at 1250-51. The district court did not abuse its discretion in denying Mr. Mendez's motion.

The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge